## CHARGE OF COURT WITH REFERENCE TO NEGLIGENCE.

Common Pleas Court of Hamilton County.

WILLIAM C. DORY v. CHARLES S. SEBALD.

Decided, 1913.

*Negligence—Burden Always Upon Plaintiff to Avoid or Rebut the Issue of His Own Negligence, Either Sole or Contributory—Charge of Court.*

1. When a plaintiff brings an action for damages because of the alleged fault—negligence—of the defendant he must always be ready to meet as his issue his own fault, either as the sole proximate cause, or as one of two proximate causes, concurrent and contemporaneous, *i. e.*, controbutory negligence. The burden of avoiding such negligences is upon the plaintiff.

2. When a defendant sets up contributory negligence, he admits his own negligence and seeks to avoid its consequences because the plaintiff too was at fault. The burden of asserting this contributory negligence is upon the defendant.

3. Thus in such actions it is always proper for a court to say to the jury, "If both were at fault, the plaintiff can not recover."

For statement see opinion.

*Marston Allen,* for the plaintiff, cited:

Glass v. Wm. Heffron Co., 86 Ohio St., 70; Behm v. Traction Co., 86 Ohio St., 209; Traction Co. v. Forrest, 73 Ohio St., 1; Traction Co. v. Stephens, 75 Ohio St., 171; B. & O. R. R. Co. v. Whitacre, 35 Ohio St., 627; Street R. R. Co. v. Nolthenias, 40 Ohio St., 376; B. & O. R. R. Co. v. Lockwood, 72 Ohio St., 586; McNutt & Ross v. Jacob Kaufman, 26 Ohio St., 127; The Cincinnati Interurban Co. v. Haines, 8 C.C.(N.S.), 77; McDonald & Co. v. Miser, 2 C.C.(N.S.), 313.

*Benjamin F. Harwitz* and *Victor Heintz,* for the defendant, cited:

Behm v. Traction Company, 86 Ohio St., 209; Railway v. Ritter, 67 Ohio St., 53.

DICKSON, J.

On motion for a new trial.

The plaintiff filed a motion for a new trial for many reasons, but in arguments oral and written, abandons all grounds except one, certain alleged errors in the court's charge.

A general exception to the charge was noted by plaintiff's counsel after the jury had retired—too late to avail, because such an exception then could not possibly give the court an opportunity to remedy an error. The court feels justice has been done in this case, but will offer voluntarily an opinion on its charge, hoping the plaintiff who lost may feel that justice has been done.

The action is for personal injuries caused by defendant's negligence.

The defendant denies negligence on his part and claims that the alleged injuries were caused solely by the plaintiff's negligence. The defendant has in his answer the words "contributory negligence," but nowhere did he admit or did he *intend* to admit his own negligence. Thus contributory negligence as an affirmative issue by the defendant is not in this case. The reply was not necessary, but in effect it denies the plaintiff's negligence.

The parts of the court's charge alleged to be at fault are, "The failure to use reasonable care by either or both would be a breach of duty. A breach of duty is a fault. In order to recover, the plaintiff must have been without fault and the defendant at fault, and that fault of the defendant must have been the proximate cause of the accident; that is such fault as without which the accident would not have occurred. *If both were at fault the plaintiff can not recover.* If neither were at fault the plaintiff can not recover." And again, *"The burden of proof is upon the plaintiff to maintain the issues here."*

The plaintiff asserts that his rights were injured when the court thus mentioned the fault of both parties—thus mentioned contributory negligence and then placed the burden of avoiding this fault upon the plaintiff.

Counsel for plaintiff fails to appreciate that in actions of this kind; plaintiff's negligence is always present as an element to be overcome by him, either by keeping such an issue down, or if it appear, by rebutting it; and that to avoid such negligences, sole and contributory, he has the burden.

The possible contributory negligence of the plaintiff which always exists as an element of a plaintiff's case, is never a part of a defendant's case. Such a burden remains with the plaintiff.

It is otherwise when the defendant sets up contributory negligence; then he admits his own negligence—admits his liability— admits the plaintiff's charge or claim—confesses as it were, and avoids by setting up the plaintiff's concurrent and contemporaneous negligence as a joint proximate cause, and is ready to maintain this issue by evidence offered by him. In such event the burden is upon the defendant, because such contributory negligence is then his issue and on which he must offer evidence. But, he may even rely upon the plaintiff's evidence alone; in which event he would not have the burden, even though he had plead contributory negligence. If contributory negligence appear in the presentation of plaintiff's claims, it certainly would not be error to mention it and to put the burden upon the plaintiff to remove it. To put such a burden upon the defendant would be gross prejudicial error. When a defendant admits negligence, he *pro tanto* admits his defeat, and when at the same time he asserts that the plaintiff too is negligent, he seeks to reinstate himself and to drive plaintiff out of court on all the issues. Then and then only the burden as to contributory negligence is on the defendant.

This opinion is in harmony with *The Columbus Railway Company* v. *Ritter*, 67 Ohio St., 53, at 59. The court "erroneously placed upon the plaintiff below the burden of disproving contributory negligence *charged in the answer* as part of her case in chief."

It also is in harmony with *Behm* v. *Traction Company*, 86 Ohio St., 209; and does not conflict with *Glass* v. *The William Heffron Company*, 86 Ohio St., 70, where it is held that, "It is neither prejudicial to the defendant nor erroneous to instruct the jury that the burden of proving contributory negligence of the plaintiff is upon the defendant," because in the Glass case the court does not pass upon the question as to who has the burden when the contributory negligence of the plaintiff appears in the presentation of his own case. This opinion does not conflict with any Ohio Supreme Court case.